United States District Court
Southern District of Texas
**ENTERED**
October 24, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA A. PORTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-1553 |
| | § | |
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND OPINION

Linda Porter, who is African-American, sued her employer, Exxon Mobile Corporation, alleging that it discriminated against her by denying her promotions in 2010 and 2011 and giving her lower raises in 2010, 2011, and 2012 than it gave to similarly situated employees outside her protected class.  She also alleged that Exxon retaliated against her for complaining about the discrimination.  She continues to work for Exxon, and according to the record, she is still employed there.

The court granted Exxon's motion for summary judgment on March 8, 2016.  (Docket Entry No. 81).  The court also granted in part and denied in part Exxon's motion to strike portions of Ms. Porter's summary judgment evidence.  (*Id*.).  Ms. Porter was represented by counsel through the summary judgment hearing but is now representing herself.  In submissions totaling over 800 pages, Ms. Porter has moved for reconsideration of the court's order and for relief from judgment.  (Docket Entry Nos. 89–90, 103–108, 110–111).  Exxon responded.  (Docket Entry No. 109).

1

Based on the pleadings; the motions, responses and replies; the summary judgment record; and the applicable law; Ms. Porter's motion for relief from judgment is denied. The reasons are set out below.

## I. The Legal Standard

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Motions asking a court to reconsider a judgment or order are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).

Because Ms. Porter's motion for reconsideration was filed more than 28 days after this court's opinion, her motion is appropriately considered under Rule 60(b). "Unlike a motion for new trial under Rule 59(a), however, Rule 60(b) only encompasses specifically enumerated grounds." *Weckesser v. Chicago Bridge & Iron*, 447 F.App'x 526, 529 (5th Cir. 2011) (per curiam). They are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[1] FED. R. CIV. P.

---

[1] Rule 60(b)(6) does not apply to claims of legal error: "claims of legal error or mistake . . . are subsumed under subsection (1)." *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993); *accord Castleberry v. CitiFinancial Mortg. Co. Inc.*, 230 F. App'x 352, 356 (5th Cir. 2007) (per curiam).

60(b). Rule 60(b)(1) applies when the party seeking relief from judgment bases its motion on a legal error by the district court. *See Benson v. St. Joseph Regional Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009). A Rule 60(b)(1) motion "may be used to rectify an obvious error of law, apparent on the record." *Id*. (internal quotation marks omitted); *McMillan*, 4 F.3d at 367. The "focus on 'obvious' legal error, which [the Fifth Circuit] as a matter of course would correct anyway, is to prevent a Rule 60(b) motion from being used as a substitute for a timely appeal on disputed issues." *Benson*, 575 F.3d at 547.

## II.     Analysis

This court is not obligated under Rule 56 or Rule 60(b) to search for evidence supporting a party's opposition to summary judgment or reconsideration of summary judgment. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."); *Nicholas Acoustics & Specialty Co. v. H & M Constr. Co., Inc.*, 695 F.2d 839, 846–47 (5th Cir.1983) ("[P]ractical constraints on the time of a judge make it impossible for the judge to examine a record of even moderate size with such finitude as to be both exhaustive and exhausting. Judges are not ferrets!"); *Pita Santos v. Evergreeen Alliance Golf Ltd., LP*, 650 F.Supp.2d 604 (S.D. Tex. 2009); *Albrechtsen v. Bd. of Regents*, 309 F.3d 433, 436 (7th Cir. 2002) ("'Judges are not like pigs, hunting for truffles buried in' the record." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991))). Although at this stage in the proceedings Ms. Porter is representing herself, and her pleadings, motions, and arguments are entitled to, and have received, a broad reading and full consideration, pro se status does not excuse her failure to follow the Federal Rules of Civil Procedure or the court's local rules. *Martin v. Harrison County* Jail, 975 F.2d 192

(5th Cir. 1992); *see also Santos v. Tex. Workforce Comm.*, 2008 WL 2902078, *2 (S.D. Tex. July 28, 2008).

Ms. Porter's many filings largely repeat her counsel's arguments made in her briefs supporting her summary judgment motion and reurged at the oral argument this court heard on that motion. She again argues that she was qualified for a promotion before she received it. (*See, e.g.*, Docket Entry No. 90 at 1–4, 11–19; No. 90-1 at 1–7; No. 104 at 42–43; No. 105 at 6–7, 12–15). She relies on the same evidence to argue that the same previously identified employees were similarly situated to her. (*See, e.g.*, Docket Entry No. 90 at 16–18; No. 105 at 9–10; No. 107 at 20). She bases some of her arguments on a declaration that the court already found was not competent summary judgment evidence. (Docket Entry No. 90 at 8; No. 105-2 at 28). Ms. Porter's repetition of arguments the court has already carefully considered does not show error justifying relief.

Ms. Porter admits that newly offered evidence and arguments she makes now were available to her and to her attorneys before the court's ruling on summary judgment. (*See, e.g.*, Docket Entry No. 105-2 at 25 ("Plaintiff did convey this to her Former Attorneys, but [to] no avail."); No. 105-2 at 33 ("Plaintiff fully expected [Former] Counsel to outline enough detail and to provide enough evidence . . . but this did not happen."); No. 90 at 9–10 ("There is a wealth of evidence/information that Plaintiff's Former Counsel should have provided in Summary Judgment Response.")). In *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 697–98 (7th Cir. 2000), the court held that legal blunders do not justify relief under Rule 60(b). Similarly, in *In re Woods*, 173 F.3d 770, 779 (10th Cir. 1999), the court held that carelessness on the part of counsel does not justify relief under Rule 60(b). Ms. Porter's disagreements and dissatisfaction with her counsel "do not rise to the level of

4

excusable neglect justifying relief under Rule 60(b)(1)." *Hamilton v. Texas Dept. of Transp.*, 2001 WL 34109380, *2 (S.D. Tex. Aug. 21, 2001).

Elsewhere in her filings, Ms. Porter attempts to relitigate the motion for summary judgment under new legal theories, including continuing violation, equitable tolling, relation back, and hostile work environment. (*See, e.g.*, Docket Entry No. 90 at 5–6; No. 90-4 at 4–8; No. 104 at 35–37; No. 105-1 at 1–5; No. 105-2 at 24). Rule 60(b) is not a vehicle for unsuccessful parties to relitigate a case under a different theory. *See Sooter v. Siemens Industry*, Inc., 2015 WL 1540161, *2 (S.D. Tex. Apr. 7, 2015) (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)) (Motions for reconsideration "cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory."). A party is not entitled to recovery under any legal theory that would fit allegations of fact contained somewhere in the operative pleadings. Following a "blind-hog-occasionally-finds-an-acorn approach would play havoc with trial procedure and would negate the narrowing and winnowing process that occurs under the present federal rules." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606 (5th Cir. 1993). And in this case, no acorn is in sight; even if this court considered the new arguments, the record makes clear that they do not justify the expansive relief Ms. Porter seeks. There is no basis to reconsider the court's rulings based on the new arguments or evidence.

Ms. Porter's repetition of arguments, disagreements with her counsel, and introduction of new legal theories that could have been raised before the ruling on summary judgment do not amount to a showing of obvious error of law apparent on the record. There is no ground to reconsider the prior rulings or to grant relief from the judgment.

## III.     Conclusion

Ms. Porter's motions for reconsideration and relief from judgment, (Docket Entry Nos. 89–90, 103–108, 110–111), are denied.

SIGNED on October 24, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge